Rebecca M. Lindell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2000 S. Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
rebecca.lindell@ogletree.com

*Attorneys for Defendant Liberty Energy Services, LLC*

## UNITED STATES DISTRICT COURT
## DISTIRCT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JASON B. MARTIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCREENINGONE, INC.; LIBERTY ENERGY SERVICES, LLC, f/k/a LIBERTY OILFIELD SERVICES, LLC; and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 2:26-cv-00045-TJC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Liberty Energy Services, LLC ("Liberty"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby answers the Complaint and Demand for Jury Trial ("Complaint," ECF No. 1) filed by Plaintiff Jason B. Martin ("Plaintiff"), as follows:

## ANSWER TO PARTIES

1.    Liberty lacks sufficient information to admit or deny the allegations in Paragraph 1.

2.    Paragraph 2 contains a legal conclusion to which no response is

required. To the extent a response is required, Liberty states it lacks sufficient information to admit or deny the allegations in Paragraph 2.

3.    Liberty lacks sufficient information to admit or deny the allegations in Paragraph 3.

4.    Liberty admits the allegations in Paragraph 4.

5.    Liberty lacks knowledge or information to admit or deny the allegations in Paragraph 5.

## ANSWER TO JURISDICTION AND VENUE

In response to the unnumbered paragraph under the heading, "Venue and Jurisdiction," Liberty admits this Court has jurisdiction over this matter and Liberty. The allegation that Liberty is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) is a legal conclusion to which no response is required. To the extent a response is required, Liberty denies that it is a consumer reporting agency under the Fair Credit Reporting Act. Liberty also denies it engaged in any unlawful employment practices, denies it is liable to Plaintiff under any legal theory for any alleged violation of federal and/or state law, and denies that Plaintiff is entitled to any of the alleged relief sought from Liberty.

6.    Liberty admits that venue is proper in this court.

## ANSWER TO FACTS

7.    Liberty admits it is an oilfield company that develops fracturing and

2

completion technology in the oil shale industry and provides oilfield services in Colorado, North Dakota, Wyoming, Louisiana, Pennsylvania, and Texas. Liberty also admits that it has recruited graduates from the Montana Technological University in Butte, Montana but denies the remaining allegations in Paragraph 7.

8.    Liberty states the referenced website speaks for itself. To the extent a further response is required, Liberty admits this paragraph accurately quotes the referenced website and that it donated $250,000 to Montana Technological University for upgrades to the football field. Liberty denies the remaining allegations in Paragraph 8.

9.    Liberty admits it has attended career fairs at Montana Technological University, including the fair held on September 14, 2023. Liberty denies the remaining allegations in Paragraph 9.

10.    Liberty admits Martin attended dinner with one of Liberty's recruiters but denies the remaining allegations in Paragraph 10.

11.    Liberty admits the allegations in Paragraph 11.

12.    Liberty admits the allegations in Paragraph 12.

13.    Liberty admits the allegations in Paragraph 13.

14.    Liberty admits the allegations in Paragraph 14.

15.    Liberty admits the allegations in Paragraph 15.

16.    Liberty admits the allegations in Paragraph 16.

17.    Liberty admits it received a background report on Plaintiff from ScreeningOne that disclosed Martin had been convicted of felony assault with a weapon, misdemeanor assault with bodily fluid, misdemeanor obstructing, and felony theft of government property. Liberty denies the remaining allegations in Paragraph 17.

18.    Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Liberty denies the allegations in Paragraph 18.

19.    Liberty admits ScreeningOne sent a background report on Plaintiff to Liberty. Liberty denies the remaining allegations in Paragraph 19.

20.    Liberty admits the allegations in Paragraph 20.

21.    Liberty admits it advised Martin it would be rescinding the job offer but denies the remaining allegations in Paragraph 21.

22.    Liberty denies the allegations in Paragraph 22.

23.    Liberty denies the allegations in Paragraph 23.

24.    Liberty denies the allegations in Paragraph 24.

25.    Liberty denies the allegations in Paragraph 25.

26.    Liberty denies the allegations in Paragraph 26.

### ANSWER TO COUNT I
### VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (as to ScreeningOne)

The allegations in Paragraphs 27-34 are not directed to Liberty, and therefore,

Liberty is not required to respond to these allegations.

### ANSWER TO COUNT II
### VIOLATIONS OF 15 U.S.C. § 168k(a)(i)
### (as to ScreeningOne)

The allegations in Paragraphs 35-39 are not directed to Liberty, and therefore,

Liberty is not required to respond to these allegations.

### ANSWER TO COUNT III
### VIOLATIONS OF MONT. CODE ANN. § 31-3-112(5)
### (as to ScreeningOne)

The allegations in Paragraphs 40-44 are not directed to Liberty, and therefore,

Liberty is not required to respond to these allegations.

### ANSWER TO COUNT IV
### VIOLATIONS OF MONT CODE ANN. § 31-3-126
### (as to ScreeningOne)

The allegations in Paragraphs 45-50 are not directed to Liberty, and therefore,

Liberty is not required to respond to these allegations.

### ANSWER TO COUNT V
### VIOLATIONS OF 15 U.S.C. § 1681b(b)(3)
### (as to Liberty Energy)

51.    Liberty incorporates its responses to the above paragraphs by reference.

52.    Paragraph 52 contains legal conclusions to which no response is

5

required. To the extent a response is required, Liberty admits the allegations in Paragraph 52.

53.    Liberty admits it received a copy of Plaintiff's consumer report and it intended to and did rescind Martin's offer of employment, but denies the remaining allegations in Paragraph 53.

54.    Liberty denies the allegations in Paragraph 54.

55.    Liberty denies the allegations in Paragraph 55.

<b><u>ANSWER TO PRAYER FOR RELIEF</u></b>

Liberty denies Plaintiff is entitled to any of the relief sought in the "Prayer for Relief" paragraph, including subparagraphs 1-5.

<b><u>DEFENSES</u></b>

<b><u>FIRST DEFENSE</u></b>

Plaintiff's claim against Liberty is barred because he fails to state a claim upon which relief can be granted.

<b><u>SECOND DEFENSE</u></b>

Plaintiff's claim against Liberty fails because Liberty complied with its obligations under the Fair Credit Reporting Act ("FCRA"), including by providing the required notice under 15 U.S.C. § 1681b(b)(3).

<b><u>THIRD DEFENSE</u></b>

At all times, Liberty's actions were lawful, justified, and made in good faith.

## FOURTH DEFENSE

Liberty acted in good faith and maintained reasonable procedures to comply with the FCRA.

## FIFTH DEFENSE

Plaintiff's claim against Liberty is barred, in whole or in part, because any damages Plaintiff may have suffered were not caused by any acts or omissions of Liberty.

## SIXTH DEFENSE

Plaintiff's claim against Liberty is barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, and/or waiver.

## SEVENTH DEFENSE

Plaintiff failed to mitigate his alleged damages.

## EIGHTH DEFENSE

Plaintiff's claim for punitive damages fails because Liberty's alleged wrongful conduct was not reckless or willful.

## NINTH DEFENSE

Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Liberty, Liberty pleads all damage caps and/or limits on damages set forth in applicable laws.

## TENTH DEFENSE

Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

## ELEVENTH DEFENSE

Plaintiff's claim against Liberty is barred because Plaintiff signed a release and authorization releasing all claims against Liberty arising from the background report.

## TWELFTH DEFENSE

Liberty reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation, or otherwise.

WHEREFORE, Liberty prays for judgment as follows:

1.  Plaintiff's Complaint be dismissed in its entirety;

2.  Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3.  Judgment be entered in favor of Liberty;

4.  All costs, including attorneys' fees, be awarded to Liberty and against Plaintiff pursuant to applicable law; and

5.  Liberty be granted such other and further relief as this Court may deem just and proper.

8

9

Respectfully submitted this 1st day of June, 2026.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:  /s/ *Rebecca M. Lindell*
Rebecca M. Lindell
2000 S. Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile:  303.831.9246
rebecca.lindell@ogletree.com

*Attorneys for Defendant Liberty Energy
Services, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2026 a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** was filed and served via CM/ECF which will send notification of such filing to the following counsel of record:

Robert M. Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
401 North Last Chance Gulch
Helena, MT 59601
Ph: (406) 442-3261
Fax: (406) 443-7294
rfolsen@mswdlaw.com

**ATTORNEY FOR PLAINTIFF**


*/s/ Rebecca M. Lindell*
Rebecca M. Lindell

10